**UNITED STATES DISTRICT COURT**

**FOR THE**

**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **BAILEY LINN FORD**, an Individual, | |
| Plaintiff, | |
| v. | Case No. |
| **SHARKNINJA OPERATING LLC**, a Massachusetts Limited Liability Company, | |
| Defendant. | |

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **BAILEY LINN FORD** (hereafter referred to as "Plaintiff"), by and through her undersigned counsel, **JOHNSON BECKER, PLLC** and **MEEHAN, BOYLE, BLACK & BOGANOW, P.C.**, hereby submits the following Complaint and Demand for Jury Trial against Defendant **SHARKNINJA OPERATING LLC** (hereafter referred to as "Defendant SHARKNINJA" or "Defendant") and alleges the following upon personal knowledge and belief, and investigation of counsel:

### NATURE OF THE CASE

1. This is a product liability action seeking recovery for substantial personal injuries and damages suffered by Plaintiff after she was seriously injured by a "Ninja Professional Plus Food Processor."

2. Defendant SHARKNINJA OPERATING LLC manufactures, markets, imports, distributes and sells a wide range of consumer products, including the subject "Ninja Professional Plus Food

Processor," which specifically includes the Model BN600 (hereafter referred to as "subject food processor(s)") that is at issue in this case.

3.      On or about October 21, 2023, Plaintiff suffered serious and substantial laceration injuries as the direct and proximate result of the subject food processor's blade assembly detaching from the blade base during the normal, intended use of the food processor.

4.      The subject food processors are defectively designed and manufactured in that the unit's stacked blade assembly does not lock into place and is not secured to the gear shaft.  When used in its normal and intended manner by consumers, the blade assembly can fall out of the pitcher, putting the user at risk of sustaining severe lacerations and injuries requiring medical attention. The subject food processors pose a safety risk to consumers and to other individuals who may be in close proximity to the food processors while they are in use.

5.      As a direct and proximate result of Defendant's conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, wage loss, physical pain, mental anguish, and diminished enjoyment of life.

## PLAINITFF BAILEY LINN FORD

6.      Plaintiff is a resident of the City of Estherville, County of Emmet, State of Iowa and remains domiciled in the same. Plaintiff is therefore a resident and citizen of the State of Iowa for purposes of diversity pursuant to 28 US.C. § 1332.

7.      On or about October 21, 2023, Plaintiff was using the food processor designed, manufactured, marketed, imported, distributed, and sold by Defendant SHARKNINJA for its intended and reasonably foreseeable purpose of blending and cooking when she sustained laceration injuries as the direct and proximate result of the food processor's blade assembly detaching from the blade base during the normal, intended use of the food processor. The incident

2

occurred as the result of the subject food processor's defect(s), namely, the food processor's use of an unsecured blade assembly.

## DEFENDANT SHARKNINJA OPERATING LLC

8.  Defendant SHARKNINJA designs, manufacturers, markets, imports, distributes and sells a variety of consumer products, including the subject food processor.

9.  Defendant SHARKNINJA is a limited liability company organized under the laws of the State of Delaware with its principal place of business in the Commonwealth of Massachusetts, whose sole member is EP Midco LLC, a Massachusetts limited liability company created and organized under the laws of the State of Delaware with its principal place of business in the Town of Needham, County of Norfolk, Commonwealth of Massachusetts, whose sole member is Global Appliance, LLC, a Delaware limited liability company with its principal place of business in the Commonwealth of Massachusetts, whose sole member is Global Appliance UK Holdco Ltd., a corporation organized under the laws of the United Kingdom with its principal place of business located in England. Global Appliance UK Holdco Ltd. is a private limited company organized under the laws of England and Wales with its principal place of business in Leeds, England. SharkNinja Appliance UK Holdco Limited is wholly owned by SharkNinja Global SPV, Ltd., an exempted company incorporated in the Cayman Islands, which is wholly owned by SharkNinja, Inc., a publicly held exempted company incorporated in the Cayman Islands. No publicly held company owns more than 10% of SharkNinja; Defendant is therefore a citizen of the United Kingdom, England, Massachusetts and Delaware for the purposes of diversity jurisdiction under 28 U.S.C. § 1332.

## JURISDICTION AND VENUE

10.  This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction

prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and there is complete diversity between the parties.

11.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant is a resident and citizen of this District.

**FACTUAL BACKGROUND**

12.     Defendant SHARKNINJA is engaged in the business of designing, manufacturing, warranting, marketing, importing, distributing and selling the food processors at issue in this litigation.

13.     Defendant's food processors, including the food processor that injured Plaintiff, essentially have three (3) main components: a base unit which contains a high-speed motor and a gear shaft ("motor base"); a pitcher, which locks on to the motor base; and a blade assembly with sharp blades which is dropped onto the gear shaft ("blade assembly").

14.     To assemble the unit, the user first aligns and lowers the pitcher onto the motor base, then rotates the pitcher clockwise until the pitcher locks into place.  Next, the user takes the blade assembly and places it onto the gear shaft.  Once the user has added the desired ingredients, the lid is placed on top of the pitcher and locked into place.

15.     Unlike the pitcher and the pitcher lid, the blade assembly does not lock into place, and is not otherwise secured to the gear shaft.  Instead, the blade assembly sits "loosely on the drive gear."[1]

16.     As a result, if the user pours the pitcher after removing the lid, the loose blade assembly can easily fall out of the pitcher and onto consumers, resulting in physical injuries such as severe lacerations.

---

[1] *See* Ninja BN600 Series Owner's Guide, pg. 9.  A copy of the Owner's Guide is attached hereto as "Exhibit A."

17.     Defendant SHARKNINJA became aware of this defect as early as November 12, 2015, when, in conjunction with the Consumer Product Safety Commission (CPSC), it recalled roughly 1.1 million of its Ninja BL 660 series blenders for this exact defect.[2]

18.     According to the CPSC, the firm received 53 reports of lacerations caused by the stacked blade assembly falling out of the pitcher when consumers poured or inverted the pitcher after removing the lid with the blade assembly still inside.[3]

19.     Despite its knowledge of these defects, Defendant SHARKNINJA has continued to sell and design blenders and food processors with loose, unsecured blade assemblies, including food processors like the BN600 series food processor involved in this case.

20.     The subject food processors have been designed, manufactured, packaged and sold in such a condition that consumers cannot safely use them in the intended manner without risk of physical injury.

21.     By reason of the forgoing acts or omissions, the above-named Plaintiff purchased the subject food processor with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of blending and chopping.

22.     Plaintiff used her food processor for its intended purpose of preparing food for herself and/or her family and did so in a manner that was reasonable and foreseeable by Defendant.

23.     However, the aforementioned food processor was defectively designed and manufactured by Defendant in that its loose, unsecured blade assembly is able to fall out of the pitcher during

---

[2] *See* the CPSC Recall Notice from November 12, 2015
https://www.cpsc.gov/Recalls/2016/Laceration-Injuries-Prompt-SharkNinja-to-Recall-Ninja-BL660-Blenders (last accessed October 8, 2025).

[3] *Id*.

the normal, intended use of the food processor, putting consumers, such as Plaintiff, at risk of lacerations and other physical injuries.

24.    Defendant's food processors possess defects that make them unreasonably dangerous for their intended use by consumers.

25.    Economic, safer alternative designs were available that could have prevented the subject food processor's blade assembly from easily falling out of the pitcher when it is poured or inverted. Examples of such designs include, but are not limited to, securing or affixing the blade assembly to the gear shaft or designing a blade assembly that locks into place.

26.    As a direct and proximate result of Defendant's intentional concealment of such defects, its failure to remove a product with such defects from the stream of commerce, and its negligent design of such products, Plaintiff used an unreasonably dangerous food processor, which resulted in significant and painful bodily injuries.

27.    Consequently, the Plaintiff in this case seeks damages resulting from the use of Defendant's food processor as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## CLAIMS FOR RELIEF

### COUNT I
### NEGLIGENCE

28.    Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

29.    Defendant had a duty of reasonable care to design, manufacture, package, market, and sell non-defective food processors that are reasonably safe for their intended use by consumers, such as Plaintiff and her family.

6

30.    Defendant failed to exercise ordinary care in the manufacture, sale, warnings, packaging, quality assurance, quality control, distribution, advertising, promotion, sale and marketing of its food processors in that Defendant knew or should have known that said food processors created a high risk of unreasonable harm to the Plaintiff and consumers alike.

31.    Defendant was negligent in the design, packaging, manufacture, advertising, warning, marketing and sale of the Ninja blenders in that, among other things, they:

   a. Designed, tested, manufactured, packaged, advertised, marketed, and sold the food processors, including the subject food processor, in a defective, unreasonably dangerous condition for consumers, due to their propensity to cause the laceration injuries described herein;

   b. Designed, tested, manufactured, packaged, advertised, marketed, and sold the food processors, including the subject food processor, in a condition wherein they did not conform to their intended design or specifications;

   c. Designed, tested, manufactured, packaged, advertised, marketed, and sold the food processors, including the subject food processor, in a condition wherein they were not suitable for their intended purposes of blending and chopping;

   d. Placed an unsafe product into the stream of commerce; and

   e. Were otherwise careless or negligent.

**WHEREFORE**, Plaintiff, Bailey Linn Ford, demands judgment against Defendant, SHARKNINJA OPERATING LLC, for damages, together with interest and all such other relief as the Court deems proper. Plaintiff reserves the right to amend this Complaint to include a claim for punitive damages according to proof.

## COUNT II
## BREACH OF IMPLIED WARRANTY OF FITNESS
## FOR A PARTICULAR PURPOSE

32.    Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

33. Defendant manufactured, supplied, and sold its food processors with an implied warranty that they were fit for the particular purpose of blending and chopping quickly, efficiently and safely.

34. Members of the consuming public, including consumers such as the Plaintiff, were the intended third-party beneficiaries of the warranty.

35. Defendant's food processors were not fit for the particular purpose as a safe means of blending and chopping, due to the unreasonable risks of bodily injury associated with their attempted use.

36. The Plaintiff in this case reasonably relied on Defendant's representations that its Ninja blenders were a quick, effective and safe means of blending and chopping.

37. Defendant's breach of the implied warranty of fitness for a particular purpose was the direct and proximate cause of Plaintiff's injuries and damages.

**WHEREFORE**, Plaintiff, Bailey Linn Ford, demands judgment against Defendant, SHARKNINJA OPERATING LLC, for damages, together with interest and all such other relief as the Court deems proper. Plaintiff reserves the right to amend this Complaint to include a claim for punitive damages according to proof.

## COUNT III
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

38. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

39. At the time Defendant marketed, distributed and sold its food processors to the Plaintiff in this case, Defendant warranted that its food processors were merchantable and fit for the ordinary purposes for which they were intended.

8

40. Members of the consuming public, including consumers such as the Plaintiff, were intended third-party beneficiaries of the warranty.

41. Defendant's food processors were not merchantable and fit for their ordinary purpose, because they had the propensity to lead to the serious personal injuries as described herein in this Complaint.

42. Plaintiff purchased the subject food processor with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of blending and chopping.

43. Defendant's breach of implied warranty of merchantability was the direct and proximate cause of Plaintiff's injury and damages.

WHEREFORE, Plaintiff, Bailey Linn Ford, demands judgment against Defendant, SHARKNINJA OPERATING LLC, for damages, together with interest and all such other relief as the Court deems proper. Plaintiff reserves the right to amend this Complaint to include a claim for punitive damages according to proof.

## INJURIES & DAMAGES

44. As a direct and proximate result of Defendant's negligence and wrongful misconduct as described herein, Plaintiff has suffered and will continue to suffer physical and emotional injuries and damages including past, present, and future physical and emotional pain and suffering as a result of the incident. Plaintiff is entitled to recover damages from Defendant for these injuries in an amount which shall be proven at trial.

45. As a direct and proximate result of Defendant's negligence and wrongful misconduct, as set forth herein, Plaintiff has incurred and will continue to incur the loss of full enjoyment of life

9

and disfigurement as a result of the incident. Plaintiff is entitled to recover damages for loss of the full enjoyment of life and disfigurement from Defendant in an amount to be proven at trial.

46.     As a direct and proximate cause of Defendant's negligence and wrongful misconduct, as set forth herein, Plaintiff has and will continue to incur expenses for medical care and treatment, as well as other expenses, as a result of the severe laceration she suffered as a result of the incident. Plaintiff is entitled to recover damages from Defendant for her past, present and future medical and other expenses in an amount which shall be proven at trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Bailey Linn Ford, demands judgment against the Defendant, SHARKNINJA OPERATING LLC, as follows:

A. That Plaintiff has a trial by jury on all of the claims and issues;

B. That judgment be entered in favor of the Plaintiff and against Defendant on all of the aforementioned claims and issues;

C. That Plaintiff recover all damages against Defendant, general damages and special damages, including economic and non-economic, to compensate the Plaintiff for her injuries and suffering sustained because of the use of the Defendant's defective food processor;

D. That prejudgment interest be awarded according to proof; and

E. That this Court award any other relief that it may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

*[Signatures Cont'd on Next Page]*

The Plaintiff,

By Her Attorneys,

**MEEHAN, BOYLE, BLACK & BOGANOW, P.C.**


*/s/Robert F. Foster*
Robert F. Foster, Esq.; BBO No. 697532
rfoster@meehanboyle.com
100 Cambridge Street, Suite 2101
Boston, MA, 02114
(617) 523-8300

DATED:        October 16, 2025


*In association with:*

**JOHNSON // BECKER, PLLC**


*/s/Adam J. Kress -- /s/Anna R. Rick*
Adam J. Kress, Esq.  (MN ID #0397289)
*Pro Hac Vice To Be Filed*
Anna R. Rick, Esq. (MN ID #0401065)
*Pro Hac Vice To Be Filed*
444 Cedar Street, Suite 1800
St. Paul, MN 55101
Telephone: (612) 436-1800
Fax: (612) 436-1801
akress@johnsonbecker.com
arick@johnsonbecker.com

***Attorneys for Plaintiff***


DATED:        October 16, 2025

11